[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

No. 05-16378
Non-Argument Calendar
_____

Agency No. A79-468-778

MARIA DEL CARMEN VERA-MARQUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 9, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Maria del Carmen Vera-Marquez, a native and citizen of Colombia, petitions

for review of the final order of the Board of Immigration Appeals ("BIA"), which

affirmed without opinion the immigration judge's ("IJ") denial of asylum and

withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Vera-Marquez argues that the IJ erred by denying her petition for asylum, under the INA, after finding that she did not demonstrate past persecution or a well-founded fear of future persecution by the Army of National Liberation ("ELN") based on her political opinion, including support for the Colombian Army, and membership in a Catholic prayer group, the Legion of Mary.[1]

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also 8 U.S.C. § 1252(b)(4)(B)

---

[1] Because we find that Vera-Marquez has not established a case for asylum under the INA, we do not address her arguments that she also satisfied the higher standards for withholding of removal or CAT relief. See Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. A showing of past persecution creates a presumption of a "well-founded fear" and shifts the burden to the government to show by a preponderance of the evidence (1) a fundamental change in circumstance such that Vera-Marquez no longer has a

3

well-founded fear of persecution, or (2) that Vera-Marquez could avoid future persecution by relocating to another part of Colombia and it would be reasonable to expect her to do so. See 8 C.F.R. §§ 208.13(b)(1)(i)(A) & (B), 208.16(b)(2), (3).

Substantial evidence supports the IJ's finding that Vera-Marquez failed to establish past persecution on account of her political opinion. Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and "mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation and internal quotation marks omitted). Vera-Marquez received a few telephone threats, but these isolated incidents of verbal intimidation, unaccompanied by any physical act, are not sufficient to constitute past persecution. Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).

As for future persecution, because Vera-Marquez failed to meet her burden of showing past persecution, the burden did not shift to the government to prove changed country conditions or the possibility of her relocation within Colombia. See generally 8 C.F.R. § 208.13(b)(1), (2), (3)(i). Thus, the burden remained with Vera-Marquez to show a well-founded fear of future persecution. See id. Based on our review, we have found nothing in the record that compels us to find that the ELN would do more than continue to phone Vera-Marquez. Again, phone calls do

4

not amount to persecution. <u>Sepulveda</u>, 401 F.3d at 1231. On this record, we cannot say that a reasonable factfinder would <u>have</u> to conclude that the requisite fear of future persecution exists. Accordingly, we deny the petition for review.

**PETITION DENIED.**